■ JOHN W. MERRITHEW et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 49338.) —Appeal by the State from a judgment of the Court of Claims, entered May 6, 1970, awarding the sum of $44,900 to claimants for the appropriation of a permanent easement over claimants' land pursuant to titles 5 and 7 of the Conservation Law. On March 22, 1966, the State appropriated a permanent easement over 3.17 acres of claimants' land in the Town of Warrensburg, Warren County, which parcel is located at the southeast corner of County Roads 11 and 35 just easterly of the Interchange 24 of the Northway. There was no zoning in effect in the Town of Warrensburg. The trial court found that the highest and best use prior to the appropriation was commercial and that the land was reduced to nominal value after appropriation. The trial court rejected the State's appraiser's valuation of the property because he valued the property predominantly as residential and

the court adopted the amount of damages found by claimants' appraiser, less $100. In view of the testimony of the State's appraiser that .86 acre of claimants' land had a highest and best use as a potential commercial site and his use of four commercial parcels as comparables, it was error to reject his entire testimony. Claimants' appraiser's testimony included eight commercial sales, six of which were to oil companies. Five of the sales were located near Interchange 23 in the vicinity of Warrensburg, and the remaining three were located at Interchange 25 near Chestertown, which locations were in fairly heavily settled areas involving heavier traffic in contrast to the rural nature of the area at Interchange 24 where subject property is located. Claimants' appraiser made no specific adjustments for time, location, distance, marketability or topography between the comparables and the subject property. By reason of his failure to make adjustments of his comparable sales as a basis for his valuation of the subject property, his testimony and conclusions cannot support the award. (*Wright* v. *State of New York,* 33 A D 2d 616; *Warren* v. *State of New York,* 33 A D 2d 819; *Ridgeway Assoc.* v. *State of New York,* 32 A D 2d 851.) In addition, the trial court's conclusion that the property had only a nominal value after the appropriation was also erroneous. (Cf. *Merrithew* v. *State of New York,* 37 A D 2d 1031.) Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.